FILED
11/18/2024 12:56 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Madison Gamache
Bexar County - 407th District Court

**2024CI26167**

CAUSE NO. _____

| | | |
|---|---|---|
| BERTHA GARZA ESPARZA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| DRURY HOTELS COMPANY, LLC D/B/A | § | |
| DRURY PLAZA HOTEL | § | |
| SAN ANTONIO RIVERWALK, | § | |
| | § | _____ JUDICIAL DISTRICT |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Bertha Garza Esparza ("Plaintiff") and files this, Plaintiff's Original Petition against Drury Hotels Company, LLC d/b/a Drury Plaza Hotel San Antionio Riverwalk ("Defendant"), and respectfully shows the Court the following:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Discovery Control Plan Level Two of the Texas Rules of Civil Procedure.

### II.    PARTIES

2.    Plaintiff, Bertha Garza Esparza, is an individual and a resident of Harris County, Texas.

3.    Defendant, Drury Hotels Company, LLC d/b/a Drury Plaza Hotel San Antonio Riverwalk is a foreign Limited Liability Company. This Defendant does substantial business in Texas. This Defendant may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**EXHIBIT A**

### III.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over this cause, as the amount in controversy and damages sought by Plaintiff exceed the minimum jurisdictional limits of this Court.

5.    Venue is proper in Bexar County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Bexar County, Texas is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

### IV.    FACTS

6.    On or about March 13, 2023, Plaintiff was a guest at the Drury Plaza Hotel San Antonio Riverwalk located at 105 South St. Mary's Street, San Antonio, Texas 78205.

7.    On the date in question, the hotel fire alarm began to go off, and Plaintiff proceeded to walk down the hotel's exit stairway. As Plaintiff was walking down the concrete stairs, Plaintiff slipped on a liquid substance and fell down the stairway, causing her to suffer severe injuries.

8.    Defendant's actions and/or omissions proximately caused Plaintiff's injuries and damages.

### V.    CAUSES OF ACTION

#### A.    Negligence and Gross Negligence

9.    All allegations herein are incorporated by reference.

10.    Plaintiff sustained severe injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to create, enforce, and implement adequate safety protocols and procedures;

- Failed to maintain a safe environment for hotel guests;

- Failed to adequately inspect the premise;

- Failed to train its employees;

- Failed to warn of dangerous hazards at the hotel;

- Failed to supervise its employees;

- Failed to warn Plaintiff of hidden dangers;

- Failed to abide by applicable rules and regulations;

- Failed to keep the premises free of known hazards; and

- Other acts so deemed negligent and grossly negligent.

11.    Defendant had the above referenced duties. Defendant breached those duties and Defendant's breaches were the cause in fact and proximate cause of all of Plaintiff's injuries. The foregoing acts and omissions constitute negligence and gross negligence on the part of Defendant, which thereby renders Defendant responsible for Plaintiff's damages, and Plaintiff seeks to recover such damages from Defendant.

### B.    Premises Liability

12.    All allegations herein are incorporated by reference.

13.    Upon information and belief, Defendant owned, occupied and/or controlled the area where Plaintiff was caused to suffer severe injuries. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous

condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

14.    Moreover, Plaintiff entered Defendant's premises with permission. Defendant had a duty to either warn Plaintiff of this unreasonably dangerous condition or make the unreasonably dangerous condition reasonably safe. Defendant breached this duty by failing to warn Plaintiff of this known unreasonably dangerous condition, and by failing to make the unreasonably dangerous condition reasonably safe. Defendant's breach proximately caused Plaintiff's severe injuries.

## VI.    DAMAGES

15.    As a direct and proximate result of Defendant's aforementioned acts and omissions, Plaintiff sustained severe injuries to the body, which resulted in physical pain, mental anguish, and other medical problems, expenses, and economic damages, both in the past and in the future. Plaintiff is therefore entitled to recover the following legal damages:

(a)    Medical care and expenses sustained in the past: Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the collision complained of herein, and such charges are reasonable and were usual and customary charges for such services in Texas.

(b)    Medical care and expenses that, in all reasonable probability, Plaintiff will sustain in the future;

(c)    Physical pain, suffering, and mental anguish sustained in the past;

(d)    Physical pain, suffering, and mental anguish that, in all reasonable probability, Plaintiff will sustain in the future;

(e)    Physical impairment sustained in the past;

(f)    Physical impairment that, in all reasonable probability, Plaintiff will

continue to have in the future;

(g)    Lost wages in the past;

(h)    Lost earning capacity; and

(i)    Punitive damages.

16.    All of Plaintiff's injuries and damages as set forth herein were proximately caused by the negligence of Defendant.

17.    The amounts of Plaintiff's damages are substantial and well in excess of the jurisdictional minimums of this Court. Pursuant to Rule 47, Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

## VII.    JURY DEMAND

18.    Plaintiff requests a trial by jury pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure.

## VIII.    REQUEST FOR ELECTRONIC SERVICE

19.    Plaintiff requests that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon their attorneys. Plaintiff's attorneys hereby affirm awareness of the right to later rescind this agreement by filing notice.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Bertha Garza Esparza, respectfully prays that Defendant, Drury Hotels Company, LLC d/b/a Drury Plaza Hotel San Antionio Riverwalk, be served and cited to appear and answer herein, and that upon final trial of this cause, Plaintiff be awarded judgment against Defendant for the above described damages in the full amounts allowed by law, together with

pre-judgment and post-judgment interest, costs of court, and all such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LOWENBERG LAW FIRM, PLLC

By:    /s/ *Michael J. Lowenberg*
MICHAEL J. LOWENBERG
Texas Bar No. 24001164
Mike@thetexastriallawyers.com
GRANT GOLSON
Texas Bar No. 24134698
Grant@thetexastriallawyers.com
CAMERON KLEMENT
Texas Bar No. 24106159
Cameron@thetexastriallawyers.com
5433 Westheimer Suite 900
Houston, Texas 77056
Telephone: 1-832-241-6000
Facsimile: 1-832-241-6001
**For E-Service:**
**eserve@thetexastriallawyers.com**

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Grant Golson on behalf of Grant Golson
Bar No. 24134698
grant@thetexastriallawyers.com
Envelope ID: 94406649
Filing Code Description: Petition
Filing Description:
Status as of 11/19/2024 8:41 AM CST

Associated Case Party: Bertha Esparza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Grant Golson | | grant@thetexastriallawyers.com | 11/18/2024 12:56:33 PM | SENT |
| Cameron Klement | | cameron@thetexastriallawyers.com | 11/18/2024 12:56:33 PM | SENT |
| Michael JLowenberg | | mike@thetexastriallawyers.com | 11/18/2024 12:56:33 PM | SENT |
| Michael J.Lowenberg | | eserve@thetexastriallawyers.com | 11/18/2024 12:56:33 PM | SENT |
| Yahaira Martinez | | ymartinez@thetexastriallawyers.com | 11/18/2024 12:56:33 PM | SENT |
| Kishan Patel | | Kishan@thetexastriallawyers.com | 11/18/2024 12:56:33 PM | SENT |